UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GENE WRIGHT, JR., ET AL.                          CIVIL ACTION

VERSUS                                             NO. 20-644-SDD-RLB

BOARD OF COMMISSIONERS OF THE
CAPITAL AREA TRANSIT SYSTEM

**ORDER**

Before the Court is Plaintiff's Motion to Fix Attorneys' Fees filed on December 23, 2021. (R. Doc. 52). The deadline to oppose this motion has expired. (R. Doc. 50). Accordingly, the motion is unopposed.

On November 16, 2021, Gene Wright, Jr. ("Plaintiff") filed a Motion to Compel, which asserted that the Board of Commissioners of the Capital Area Transit System ("Defendant") did not respond to Plaintiff's First Set of Interrogatories and Requests for Production of Documents (R. Doc. 46-3), and sought an award of attorney's fees with respect to the filing of the motion. (R. Doc. 46). Defendant failed to file a timely opposition.  Accordingly, the Court granted the Motion to Compel and awarded Plaintiff the recovery of reasonable expenses incurred in making the motion, including attorneys' fees, pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. (R. Doc. 50). The Order provides that if the parties could not reach resolution on a reasonable amount of expenses to be paid, Plaintiff may file a Motion for Fees and Costs setting forth the reasonable amount of costs and attorney's fees to be paid by Defendant, including evidentiary support, incurred in obtaining the Court's Order.

Plaintiff now seeks recovery of $450 as the measure of the reasonable attorney fees incurred in obtaining the Court's order. Plaintiff's counsel submits a Declaration providing that he provided billing information to defense counsel, and stated the following: "Please see the

below information pulled from my billing software. At a rate of $225/hour for myself, and $100/hour for my paralegal, our fees for the motion to compel are in excess of $500.00. To keep things simple, I propose that we agree that Defendant pay $500 for my fees." (R. Doc. 52-2 at 1). The Declaration further states that defense counsel responded "I am in receipt of your email. I have sent it to CATS general counsel." (R. Doc. 52-2 at 1). The Declaration represents that defense counsel provided no further response. (R. Doc. 52-2 at 2). The Declaration further represents that Plaintiff's counsel "spent 2.25 hours on preparing the motion to compel, which would include revieing and synthesizing the facts and relevant underlying communications, drafting the motion, memo, and declaration, research as needed, and careful quality control check." (R. Doc. 52-2 at 2). The Declaration states that Plaintiff's counsels' "reasonable hourly rate in this district is at least $225.00/hour" but, for the sake of simplicity, he will only request $200.00/hour. (R. Doc. 52-2 at 2).

    Once a district court has determined that a party is entitled to an award of attorney's fees, as in this case, it must find the number of hours reasonably expended on the case[1] and the reasonable hourly rate for the attorney's services. *Wegner v. Standard Ins. Co.,* 129 F.3d 814, 822 (5th Cir. 1997). The court then multiplies those two figures together to determine the "lodestar" amount of attorney's fees. *Id.* The lodestar amount is presumed to be the reasonable fee, but it may be adjusted upward or downward after consideration of the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–719 (5th Cir. 1974).[2]

---

[1] Counsel is "charged with proving that they exercised billing judgment." *Winget v. Corporate Green,* LLC, No. 09-0229, 2011 WL 2173840, *4 (M.D. La. 2011) (quoting *Walker v. U.S. Dept. of Housing and Urban Development,* 99 F.3d 761, 770 (5th Cir. 1996)). Attorneys exercise billing judgment by not charging for time that is unproductive, excessive, or duplicative when seeking a fee award. *Id.*

[2] Those factors include the following: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount of money involved and the results obtained;

Having considered the underlying Motion to Compel, the assertions and evidence in support of the instant Motion to Fix Attorneys' Fees, and the lack of any opposition, the Court finds that $450 is a reasonable award of attorney fees incurred in bringing Plaintiff's Motion to Compel. The Court finds the appropriate lodestar to be calculated at 2.25 hours at $200 an hour ($450). Plaintiff does not seek any costs in addition to attorney fees. The Court finds no basis for reducing the lodestar figure.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Fix Attorneys' Fees (R. Doc. 52) is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure and this Court's prior Order (R. Doc. 50), Defendant shall pay Plaintiff the amount of **$450** in reasonable expenses incurred in bringing the Motion to Compel within **14 days** of the date of this Order.

Signed in Baton Rouge, Louisiana, on January 6, 2022.

       **RICHARD L. BOURGEOIS, JR.**
       **UNITED STATES MAGISTRATE JUDGE**

---

(9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.*